47 F.3d 1185
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Craig J. MOORE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7066.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1995.
 
 Vet.App.
 VACATED.
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 We treat Craig J. Moore's letter requesting remand as a motion to (1) lift the May 27, 1994 stay of proceedings, and (2) summarily vacate the Court of Veterans Appeals' February 24, 1994 judgment and remand for further proceedings. The Secretary of Veterans Affairs has not responded.
 
 
 2
 The Court of Veterans Appeals dismissed Moore's application for attorney fees and costs based upon its decision in Jones v. Brown, 6 Vet. App. 101 (1993). Moore appealed. On May 27, 1994, this court stayed proceedings in Moore's appeal pending our decision in Jones.
 
 
 3
 In Jones the Court of Veterans Appeals dismissed two applications for attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA). In Jones, the Court of Veterans Appeals concluded that the Federal Courts Administration Act of 1992 (FCAA) did not authorize it to award costs and fees under EAJA if all that was "pending" at the Court of Veterans Appeals on the date of enactment of the FCAA was an application for attorney fees and costs. This court reversed, concluding that the FCAA authorized the Court of Veterans Appeals to award costs and fees pursuant to EAJA in such circumstances. Jones v. Brown, 94-7054,-7057, slip op. at 21 (Fed. Cir. November 29, 1994).
 
 
 4
 Because our decision in Jones vacated the Court of Veterans Appeals' basis for dismissing Moore's application for attorney fees, we agree with Moore that it is appropriate to summarily vacate the Court of Veterans Appeals' judgment in this case and remand to the Court of Veterans Appeals for further proceedings.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Moore's motion to lift the stay of proceedings is granted.
 
 
 7
 (2) Moore's motion to summarily vacate the Court of Veterans Appeals' February 24, 1994 judgment and to remand for further proceedings is granted.
 
 
 8
 (3) Moore is entitled to costs. See Fed. R. App. P. 39(d); Fed. Cir. R. 39(b).